# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENYNE ANN THORTON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | **1:16-cv-00816 GSA**<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JENYNE ANN THORTONAND AGAINST DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY** |

**I.     INTRODUCTION**

Plaintiff, Jenyne Ann Thorton ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The matter is

---
[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 21, 33 and 34). Upon a review of the entire record, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, the Court GRANTS Plaintiff's appeal and remands the case for further proceedings.

## II. FACTS AND PRIOR PROCEEDINGS[3]

### A. Background

On June 29, 2012, Plaintiff filed an application for SSI alleging disability beginning June 1, 2009. AR 11; 176-187. The parties agree that Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc. 21, pg. 2 and Doc. 33, pg. 2). Therefore, this appeal is a review of Administrative Law Judge Andrew Verne's ("ALJ") decision issued on January 27, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3). AR 11-18.

### B. Summary of the Medical Record

The Court has reviewed the entire medical record. AR 265-531. Because the parties are familiar with the factual background of this case, including Plaintiff's medical history, the Court will not exhaustively summarize these facts in this order. Relevant portions of the medical record related to Plaintiff's impairments and treatment will be referenced in this decision where appropriate.

## III. THE DISABILITY STANDARD

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 10 and 12).
[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.
42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability.[4] 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

## IV. **SUMMARY OF THE ALJ'S DECISION**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since June 29. 2012, her application date. AR 13. At step two, the ALJ identified a spine disorder as a severe impairment. AR 13. He found that Plaintiff's chronic pain syndrome, fibromyalgia, allergic rhinitis, tobacco abuse, hyperlipidemia, chronic obstructive pulmonary disease, abnormal liver enzymes, left hip pain, medical epocondylitis of the left elbow, left lateral epicondylitis, headache, and transient insomnia were not severe impairments. AR 13. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 14. However, the ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that she could only: lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for a total of six hours in an eight-hour workday; frequently climb ramps and stairs, kneel and crouch; occasionally climb ladders, ropes and scaffolds; and occasionally stoop

---
[4] All references in this decision are to the 2015 regulations which were the regulations in effect at the time of the ALJ's decision dated January 27, 2015.

and crawl. AR 14-17. In making this finding, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. AR 15-17.

Given the above, at step four, the ALJ found Plaintiff could not perform her past relevant work as a salvage laborer hauling scrap metal. AR 17. A vocational expert testified that Plaintiff could perform occupations that require a full range of unskilled light work. AR 18. The ALJ therefore concluded Plaintiff was not disabled. AR 18.

## V. **THE ISSUES PRESENTED**

Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Montana, Plaintiff's treating physician. Specifically, she contends that the ALJ did not give clear and convincing reasons to reject the assessment. She also argues that the ALJ did not properly consider Plaintiff's subjective complaints. She requests that the case be remanded for further consideration of these issues. (Doc. 21, pgs. 14-20; Doc. 34, pgs. 5-6). In Opposition, the Commissioner argues that the ALJ's assessment of the medical evidence was proper and that his credibility analysis is supported by substantial evidence. (Doc. 33, pgs. 10-16).

## VI. **THE STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## VII. **DISCUSSION**
### A. The ALJ's Weighing of the Medical Evidence is Not Supported by Substantial Evidence.

Plaintiff argues that the ALJ did not properly evaluate the medical evidence. Specifically, she contends that he failed to provide clear and convincing reasons for giving Dr. Montana's opinion

4

little weight. (Doc. 33, pgs. 10-13; Doc. 34, pgs. 3-4). The Defendant contends that the ALJ provided good reasons for rejecting Dr. Montana's opinion. (Doc. 33, pgs. 10-13). Upon a review of the record, the Court finds that the ALJ's weighing of the medical record is not supported by substantial evidence.

Under the law of this circuit, the opinions of treating physicians, examining physicians, and non-examining physicians are entitled to varying weight in disability determinations. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). However, the opinions of a treating or examining physician are "not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. CSS*, 533 F.3d 1155, 1164 (9th Cir. 2008). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. *Id.*; *Garrison v. CSS*, 759 F.3d 995, 1012 (9th Cir. 2014); *Ghanim v. CSS*, 763 F.3d 1155, 1161(9th Cir. 2014). The opinion of a non-examining physician may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas*, 278 F.3d at 957. Such independent reasons may include laboratory test results or contrary reports from examining physicians, and Plaintiff's testimony when it conflicts with the treating physician's opinion. *Lester*, 81 F.3d at 831, *citing Magallanes*, 881 F.2d at 751–55.

Here, the ALJ discussed three doctors' opinions evaluating Plaintiff's conditions: Dr. Anthony Montana, her treating physician, and Drs. Surrusco and Wong, two state agency non-examining physicians. Dr. Montana, M.D. completed a physical medical source statement on November 9, 2014. AR 16; 529-531. He noted that he had been treating Plaintiff on a monthly basis for three years and diagnosed her with fibromyalgia, lumbar disc disease, and chronic pain syndrome. AR 529. He also opined that these conditions result in "chronic pain in multiple body parts," and his clinical findings and objective signs include tenderness, pain, and limited range of

5

motion. AR 529. He determined that Plaintiff could sit for up to two hours at one time; stand for up to one hour at a time; and sit and stand/walk for four hours total in an eight-hour workday. AR 529. He also found she would need a job that allows her to shift position at will; walk around during the workday; and walk for a minute after every hour. AR 529-530. He further opined that Plaintiff could occasionally lift up to ten pounds and rarely twenty pounds, and she could reach, handle or finger for up to twenty-five percent of an eight-hour workday. AR 530. He also estimated that Plaintiff would likely be off task five percent of the workday, and that she was capable of low stress work. AR 530. AR 531. Finally, he reported Plaintiff's impairments produce "good days" and "bad days," and he estimated she would likely miss more than four days of work per month. AR 531.

On December 25, 2012, non-examining physician Dr. Richard Surrusco, M.D., opined Plaintiff could perform light work, but that she could frequently climb ramps and stairs, kneel and crouch; and occasionally climb ladders, ropes, scaffolds, stoop, and crawl. AR 89-96. On August 9, 2013, non-examining Dr. E. Wong, M.D., reviewed the record and assessed the same limitations as Dr. Surrusco. AR 101-105. When making these assessments, both Dr. Surrusco and Dr. Wong noted that there was no medical or opinion evidence in the file. AR 93; 103.

Plaintiff argues that there were no contradictory medical opinions and therefore the ALJ was required to provide clear and convincing reasons for rejecting Dr. Montana's opinion. However, this reasoning fails to recognize that Dr. Surrusco's and Dr. Wong's opinions conflicted with Dr. Montana's assessment. Accordingly, because there were contradictory medical opinions, the ALJ was only required to give specific and legitimate reasons for rejecting Dr. Montana's opinion.[5]

When evaluating the medical record, the ALJ gave Dr. Montana's assessment little weight for the following reasons: 1) Dr. Montana failed to explain in his report, or in his treatment notes, why he thought Plaintiff would be disabled; 2) Dr. Montana's limitations on sitting, standing, walking, or lifting is not supported when his treatment notes indicate that Plaintiff continues to perform yard work, and other medical records indicate that her pain symptoms are stable and

---

[5] Although the Commissioner argues that the ALJ only needs to give "good" reasons for rejecting physician opinions, Defendant recognizes that the law in this Circuit is consistent with the standards outlined in this discussion. (Doc. 33, pg. 11, n.3).

controlled (AR 16; 372); and 3) when Dr. Montana completed a disability form for Plaintiff's educational accommodations in 2014, he only indicated that she had difficulty "rapidly" using her hands and arms in testing situations and that she needed additional time. The doctor failed to indicate that Plaintiff was unable to take a written test, or that she might need to take the test orally. AR 16; 484-485. When rejecting Dr. Montana's opinion, the ALJ summarized the medical record. AR 15-17. He then relied on the non-examining physicians' evaluations because these were most consistent with the overall record which indicates that Plaintiff was fairly active and capable of performing a variety of exertional tasks. AR 17. The ALJ's RFC mirrors the limitations identified by the non-examining physicians' opinions. AR 14-17.

The difficulty with the ALJ's analysis of the medical record is that a close review of the non-examining physicians' opinions reveals that neither Dr. Surrusco, nor Dr. Wong, reviewed Dr. Montana's opinion. In fact, they both specifically noted that there was no opinion evidence in the file which is consistent with the date of Dr. Montana's opinion. Dr. Montana's opinion is dated November 9, 2014, which is after both Dr. Surrusco's December 25, 2012, and Dr. Wong's August 9, 2013, review of the file. AR AR 93; 103; 529-531. Moreover, neither of the examining doctors reviewed any of Dr. Montana's notes written after their assessments (AR 356 -417; 426-466), nor did they have an opportunity to assess x-rays of Plaintiff's lumbar and thoracic spine taken on October 14, 2013. AR 418; 420. These x-rays revealed multiple level spondylosis and severe disc narrowing at L5-S1 with "vacuum disc;" facet arthrosis at L4-L5 and L5-S1; foramina narrowing at L5-S1; and a slight increase of lyphosis (hunchback) since the last x-ray.[6] AR 418; 420.

An ALJ may rely on the opinions of non-examining medical experts and may consider them in the context of the whole record. *See, Thomas*, 278 F. 3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.); *Matney v. Sullivan*, 981 F. 2d 1016, 1019 (9th Cir. 1992) (The ALJ need not accept the opinion of any physician, including a treating physician, if the opinion is brief, conclusory, and inadequately

---

[6] Plaintiff's last MRI in November 2009 revealed moderate-to-severe discogenic disease at L4-L5 and L5-S1, with mild-to-moderate central canal stenosis and bilateral neural foraminal compromise. AR 273; 275. It is unclear from the AR whether the non-examining doctors examined this record.

7

supported by clinical findings.).  However, the opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician." *Lester*, 81 F. 3d at 831. Given that the non-examining medical sources the ALJ relied upon did not review the complete administrate record, the Court cannot conclude that the ALJ provided specific and legitimate reasons for rejecting Dr. Montana's opinion.

Finally, the ALJ's assessment of Dr. Montana's opinion was improper for another reason. The first reason that the ALJ gave for rejecting Dr. Montana's opinion – that the doctor failed to explain in his report, or in his treatment notes, why he thought Plaintiff would be disabled – is supported by substantial evidence since the doctor did not answer the question, "please explain the reasons for your conclusions" on the disability form. AR 16; 530. However, this lack of completeness creates ambiguity in the record because no doctor had: 1) reviewed the complete medical record, or 2) rendered a complete functional assessment. Although it is ultimately Plaintiff's responsibility for providing evidence to be used in the disability determination process, the ALJ has a duty to develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir.2011). Here, the record was not fully developed because the ALJ rejected Dr. Montana's assessment, but no other doctor had reviewed the medical record before rendering a medical opinion.

Given the above, the case must be remanded so that the record can be more fully developed.  A remand with for an award of benefits is only appropriate when the record has been fully developed and further administrative proceedings would serve no useful purpose. Conversely, remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin*, 759 F. 3d at 1020-1021. Here, the ALJ's finding that Plaintiff was doing yardwork and that Dr. Montana had indicated that her complaints of pain related to her back impairments were stable and controlled is supported by the record. AR 16-17; 362; 372; 398; 457; 448; 451. As such, remand for an award of benefits is not warranted at this time. However, further evaluation of Plaintiff's medical condition is required and the ALJ shall obtain additional medical opinions as he deems appropriate. Importantly, the Court expresses no opinion regarding how any evidence

should ultimately be weighed, and/or how any ambiguities or inconsistencies should be resolved on remand.

Because the Court remands this case for renewed consideration of the medical evidence, the Court dispenses with an exhaustive analysis of the ALJ's assessment of Plaintiff's credibility as this issue is inescapably linked to conclusions regarding the medical evidence. 20 C.F.R. § 416.929. On remand, the ALJ will have an opportunity to further consider this issue and address the medical evidence in context of the record as a whole. The ALJ will also be free to reevaluate his analysis and/or further develop the record with respect to this issue.

### VIII. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence. Accordingly, this Court GRANTS Plaintiff's appeal. The case is remanded to the Commissioner of Social Security for further administrative proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Jenyne Ann Thorton, and against Nancy A. Berryhill, Commissioner of Social Security, and to close this action.

IT IS SO ORDERED.

Dated: **February 5, 2018**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE