1
Melissa Newel (#148563)
NEWEL LAW
2
352 24th Street
Oakland, CA 94612
3
(510) 316-3827
mnewel@newellawfirm.com
4

5
Attorney for Plaintiff
JENYNE ANN THORNTON
6

7
MCGREGOR W. SCOTT
United States Attorney
8
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
9
TINA L. NAICKER
Special Assistant U.S. Attorney
10
Social Security Administration
160 Spear Street, Suite 800
11
San Francisco, CA 94105
(415) 268-5611
12
Tina.Naicker@ssa.gov
13

14
Attorneys for Defendant

15

16
UNITED STATES DISTRICT COURT

17
EASTERN DISTRICT OF CALIFORNIA

18

19
JENYNE ANN THORNTON,                    No. 1:16-CV-00816 (GSA)

20
            Plaintiff,

21
      v.                                **STIPULATION AND ORDER FOR
                                        AWARD OF ATTORNEYS FEES
22
NANCY A. BERRYHILL,                     PURSUANT TO EAJA 28 U.S.C. §2412**
ACTING COMMISSIONER OF
23
SOCIAL SECURITY,                        **ORDER  DENYING PLAINITFF'S
                                        MOTION FOR ATTORNEY'S FEES AS
24
            Defendant.                  MOOT**

25
                                        **(Doc. 37)**

26

27

28

1

2       IT IS HEREBY STIPULATED by and between the parties, through their undersigned

3   attorneys, subject to the approval of the Court, that Jenyne Ann Thornton ("Plaintiff") be awarded

4   attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), in the amount of

5   four thousand nine hundred and sixty dollars and eleven cents ($4,960.11). This represents

6   compensation for legal services rendered on behalf of Plaintiff by counsel in connection with this

7   civil action, in accordance with 28 U.S.C. § 2412(d).

8       After the Court issues an Order for EAJA fees to Plaintiff, the government will consider

9   the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v.*

10  *Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the

11  attorney fees are subject to any offset allowed under the United States Department of the

12  Treasury's Offset Program. After the Order for EAJA fees is entered, the government will

13  determine whether they are subject to any offset.

14      Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines

15  that Plaintiff does not owe a federal debt subject to offset, then the government shall cause the

16  payment of fees approved to be made payable to Melissa Newel or Newel Law (collectively

17  "Plaintiff's counsel"), pursuant to the assignment executed by Plaintiff. Any and all payments

18  made shall be delivered to Plaintiff's counsel.

19      This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA

20  attorney fees and does not constitute an admission of liability on the part of Defendant under

21  EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any

22  and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees

23  and costs in connection with this action. This award is without prejudice to the rights of Plaintiff's

24  ///

25  ///

26  ///

27  ///

28

counsel to seek Social Security Act attorney fees under 42 U.S.C. §406(b), subject to the provisions of the EAJA.

Respectfully submitted,

Dated: June 7, 2018                    NEWEL LAW

By:    *Melissa Newel*
       Melissa Newel
       Attorney for Plaintiff
       JENYNE ANN THORNTON

Dated: June 7, 2018                    MCGREGOR W. SCOTT
                                       United States Attorney
                                       DEBORAH LEE STACHEL
                                       Regional Chief Counsel, Region IX
                                       Social Security Administration

By:    *Tina L. Naicker**
       TINA L. NAICKER
       (*Authorized by email dated 06/07/2018*)
       Special Assistant U.S. Attorney
       Attorneys for Defendant

///

///

///

///

///

///

///

///

///

///

**ORDER**

Pursuant to the above stipulation, fees in the amount of **four thousand nine hundred and sixty dollars and eleven cents ($4,960.11)**, be awarded to Plaintiff's counsel as authorized by 28 U.S.C. §2412(d). All payments are subject to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010) and shall be awarded in accordance with the terms of the above stipulation. Given the above stipulation, Plaintiff's Motion for Attorney's Fees filed on May 7, 2018 (Doc. 37) is DENIED as moot.


IT IS SO ORDERED.

Dated:   **June 7, 2018**            **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE